**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ROBERT ZUTOFT, on behalf of himself And all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) ) | Removed from the Circuit Court of Cook County Case No.: 2022CH07987 |
| FULL CIRCLE FINANCIAL SERVICES, LLC, | ) ) ) | |
| Defendant. | ) | |

**<u>NOTICE OF REMOVAL</u>**

Defendant Full Circle Financial Services, LLC ("FCFS") respectfully removes this action from the Circuit Court of Cook County, Illinois, County Department, Chancery Division, to the United States District Court for the Northern District of Illinois, pursuant to 28 U.S.C. §§ 1331 and 1446. In support of its Notice of Removal, FCFS states as follows:

1.  Plaintiff commenced this action in the Circuit Court of Cook County, Illinois by filing a complaint on or about August 16, 2022, styled *Robert Zutoft, on behalf of himself and all others similarly situated v. Full Circle Financial Services, LLC.*

2.  The Complaint purports to assert claims for breach of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, relating to the Plaintiff's account with FCFS with an account number ending in 0200 (the "Account").

3.  FCFS was served with the Summons and Complaint on September 22, 2022.

4.  Hence, this notice is timely filed, within thirty (30) days of FCFS' receipt of the Complaint. *See* 28 U.S.C. § 1446(b).

## GROUNDS FOR REMOVAL

5.      Plaintiff's Complaint is removable to the United States District Court for the Northern District of Illinois because the Complaint presents a federal question; specifically, the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").  28 U.S.C. § 1331 provides that district courts shall have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States.  *See* 28 U.S.C. § 1331.  Plaintiff's FDCPA claim clearly provides the basis for this Court's jurisdiction.  FCFS is entitled to remove this action to the District Court in accordance with 28 U.S.C. § 1441(a).

6.      The United States District Court for the Northern District of Illinois embraces Cook County, Illinois, where the State Court Action is pending.

7.      Pursuant to 28 U.S.C. § 1446(a), attached hereto as **Exhibit A** is a copy of all process, pleadings, and orders served upon the defendant—namely, the Complaint filed in the Circuit Court of Cook County, Illinois.

8.      Concurrently with the filing of this Notice of Removal, FCFS is giving written notice of removal to Plaintiff by serving Plaintiff with a copy of this Notice of Removal, together with all exhibits, and by filing a copy of this Notice of Removal with the Clerk of the State Court pursuant to 28 U.S.C. § 1446(d).  A copy of the State Court Notice of Filing of Notice of Removal, without its exhibit, is attached hereto as **Exhibit B**.

WHEREFORE, Defendant FCFS respectfully removes Plaintiff's state court action to this Court, pursuant to 28 U.S.C. § 1441, and requests that further proceedings be conducted in this Court as provided by law.

Dated: October 21, 2022

Respectfully submitted,

FULL CIRCLE
FINANCIAL SERVICES, LLC

By: */s/ Christopher R Murphy*
    One of Its Attorneys

Christopher R Murphy (#6302607)
HOLLAND & KNIGHT LLP
131 S. Dearborn St., 30th Floor
Chicago, Illinois 60603
Tel: (312) 715-5722
Fax: (312) 578-6666
Chris.Murphy@hklaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify on this 21st day of October, 2022, a true and correct copy of the foregoing **NOTICE OF REMOVAL** was served on counsel for Plaintiff by email and by placing it in the United States mail, postage pre-paid, and addressed to the following:

Mario Kris Kasalo
The Law Office of M. Kris Kasalo, Ltd.
4950 Madison St.
P.O. Box 1425
Skokie, IL 60077
Mario.kasalo@kasalolaw.com

/s/ Christopher R. Murphy
Christopher R Murphy (#6302607)
HOLLAND & KNIGHT LLP
131 S. Dearborn St., 30th Floor
Chicago, Illinois 60603
Tel: (312) 715-5722
Fax: (312) 578-6666
Chris.Murphy@hklaw.com

# EXHIBIT A

Hearing Date: 12/15/2022 10:00 AM
Location: Court Room 2601
Judge: Mitchell, Raymond W.

FILED
8/16/2022 11:47 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
Calendar, 2
19096194

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | | |
|---|---|---|
| ROBERT ZUTOFT, on behalf of himself and all others similarly situated, | ) ) ) | 2022CH07987 |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| FULL CIRCLE FINANCIAL SERVICES, LLC, | ) ) | Jury Demanded |
| Defendant. | ) | |

### INDIVIDUAL AND CLASS ACTION COMPLAINT

Plaintiff, Robert Zutoft, individually and on behalf of himself and a putative class, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") and § 1006.34(a) of Regulation F, and alleges:

### JURISDICTION AND VENUE

1.  This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA. Venue is proper as the transaction from which the Plaintiff's claims arose occurred in Cook County, which is the county in which the transaction or some part thereof occurred out of which the cause of action arose.

### PARTIES

2.  Plaintiff, Robert Zutoft ("Plaintiff"), is an individual that resides in the State of Illinois, from whom Full Circle attempted to collect an alleged delinquent consumer debt.

3.  Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3) in that he is a natural person from whom Full Circle sought to collect a debt allegedly incurred for personal, family, or household purposes.

1

FILED DATE: 8/16/2022 11:47 AM    2022CH07987

4.      Defendant Full Circle Financial Services, LLC ("Full Circle") is a collection agency located at 12425 Race Track Road, Suite 100 Tampa, FL 33626.

5.      Full Circle regularly collects or attempts to collect defaulted consumer debts due or asserted to be due another, such as that asserted to be owed by Plaintiff in this case, and is a "debt collector" as defined in 15 U.S.C. § 1692a (6) of the FDCPA.

6.      Full Circle has an Illinois collection agency license.

7.      Full Circle derives more than 50% of its income from the collection of defaulted consumer debts on behalf of others.

## FACTUAL ALLEGATIONS

8.      According to Full Circle, Plaintiff incurred an obligation ("alleged debt") to a creditor in his individual capacity and not in connection with any business.

9.      Plaintiff was asserted to have defaulted on paying the alleged debt.

10.     The creditor thereafter placed the alleged debt to be collected by Full Circle.

11.     The alleged debt is thus a "debt" as that term is defined at § 1692a (5) of the FDCPA.

12.     On or about June 15, 2022, Full Circle mailed a collection letter ("Letter") to Plaintiff in an attempt to collect on the alleged debt (Exhibit A, Letter).

13.     Plaintiff read the Letter.

14.     The Letter conveyed information about the alleged debt, including a reference number and an account balance.

15.     Thus, the Letter was a communication as that term is defined in §1692a (2) of the FDCPA.

FILED DATE: 8/16/2022 11:47 AM   2022CH07987

16.     The Letter was Full Circle's initial communication with Plaintiff made in connection with the collection of the alleged debt.

17.     The Letter conveys an alleged balance of $249.75 that it states is owed on the alleged debt.

18.     The Letter states that "**Full Circle Financial Services, LLC is a debt collector**" (emphasis in original).

19.     The Letter also states in part as follows:

June 15, 2022

Full Circle Financial Services, LLC
PO Box 2365
Oldsmar, FL 34677-2193
(855) 229-7418 from Monday - Friday 8am to 5pm EST

www.fullcirclefs.com

To:   ROBERT ZUTOFT
      10928 S KOSTNER AVE
      OAK LAWN, IL 60453-5752

Reference: ▓▓▓▓

 **Full Circle Financial Services, LLC is a debt collector.** We are trying to collect a debt that you owe to . We will use any information you give us to help collect the debt.

**Our information shows:**

You had an account with  with account number ▓▓▓▓▓▓

| | | |
|---|---|---|
| As of 2017-07-17, you owed: | $ | $249.75 |
| Between 2017-07-17 and today: | | |
| You were charged this amount in interest: + | $ | $0.00 |
| You were charged this amount in fees: + | $ | $0.00 |
| You paid or were credited this amount toward the debt: - | $ | $0.00 |
| **Total amount of the debt now:** | **$** | **$249.75** |

**How can you dispute the debt?**

- **Call or write to us by July 25, 2022, to dispute all or part of the debt.** If you do not, we will assume that our information is correct.

- **If you write to us by July 25, 2022**, we must stop collection on any amount you dispute until we send you information that shows you owe the debt. You may use the form below or write to us without the form. You may also include supporting documents. We accept disputes electronically at www.fullcirclefs.com.

**What else can you do?**

- **Write to ask for the name and address of the original creditor,** if different from the current creditor. If you write by July 25, 2022, we must stop collection until we send you that information. You may use the form below or write to us without the form. We accept such requests electronically at www.fullcirclefs.com.

- Go to www.cfpb.gov/debt-collection to learn more about your rights under federal law. For instance, you have the right to stop or limit how we contact you.

- Contact us about your payment options.

- Póngase en contacto con nosotros para solicitar una copia de este formulario en español.

**Notice: See reverse side for important information**

FCFS-DEM-GEN

(Exhibit A, Letter).

FILED DATE: 8/16/2022 11:47 AM   2022CH07987

20.     Full Circle's Letter did not identify the current creditor as required by §1692g(a)(2) of the FDCPA.

21.     Specifically, Full Circle's Letter fails to identify the current creditor to whom the alleged debt is owed, in any manner.

22.     Full Circle's Letter confused Plaintiff as he was unable to determine the validity of the subject debt.

23.     Full Circle's Letter would confuse the unsophisticated consumer, who would not be able to ascertain the validity of the alleged debt.

24.     In other words, by not disclosing the current creditor, Plaintiff was unable to determine if the subject debt is truly owed by Plaintiff, and whether to pay it.

25.     Further obfuscating the identity of the current creditor, Full Circle's Letter requested that payment be made directly to Full Circle, implying that Full Circle is the current creditor.

26.     Full Circle's Letter also stated that Plaintiff could write to it to find out if the original creditor was different from the current creditor.

27.     This language raised the possibility that the subject debt could have been sold, but did not clarify the identity of the entity that owns the subject debt.

28.     Plaintiff did not submit a written dispute of the alleged debt as he was unaware of the genesis of the alleged debt that was being collected, and thus he could not ascertain whether or not he owed it.

29.     Failing to provide the name of the current creditor prohibits the unsophisticated consumer from making an informed decision on how to handle an obligation that is sought to be

4

FILED DATE: 8/16/2022 11:47 AM  2022CH07987

collected, as well as from being able to dispute the alleged debt and invoke his rights under the FDCPA.

30.     There is no question that having information regarding the entity to which Plaintiff was indebted is of substantive value and material to Plaintiff's financial affairs. See *Hahn v. Triumph P'ships LLC*, 557 F.3d 755, 757 (7th Cir. 2009) ("The [FDCPA] is designed to provide information that helps consumers to choose intelligently ...").

31.     Without this critical information, Plaintiff ran the risk of making payment to an unknown and potentially spurious entity, and thereafter still potentially owing money to a proper creditor.

32.     Plaintiff also believed the Letter was a scam.

33.     Plaintiff was compelled, due to the missing information, to place a telephone call to Full Circle to obtain information on the creditor to which the alleged debt was asserted to be owed, though he did not wish to do so.

34.     On August 15, 2022, Plaintiff placed a telephone call to Full Circle and was connected to an agent or employee of Full Circle who identified herself as "Jasmine".

35.     During the pendency of the conversation that ensued with said agent or employee of Full Circle, Plaintiff was informed that the debt was alleged to be owed to "Shark Ninja—a vacuum".

36.     It was only at that time that Plaintiff became aware that the alleged debt was incurred in connection with an alleged purchase of a vacuum cleaner.

37.     Full Circle maintains a website ("website"): www.fullcirclefs.com.

38.     The Letter invites Plaintiff, and any consumer receiving the same form letter, to dispute a subject debt via their website, as it references the website as a means to do so.

5

39.    The website, however, requires that a consumer to agree to its "Terms and Conditions" as a condition of using the website.

40.    The website states in part as follows:

By submitting payment information through this website you agree to the terms and conditions of this Agreement and any documents incorporated by reference. You further agree that this Agreement forms a legally binding agreement between you and Full Circle Financial Services. By clicking on the "I Agree" and by clicking on the requested Payment Info, you are hereby accepting these terms and conditions and the stated fee for using this website.

...

**Additional Terms & Conditions**

The following terms and conditions ("Terms and Conditions") govern your use of this website. By accessing, viewing, or using the content, material, or services available on or through this website, you indicate that you have read and understand these Terms and Conditions, and that you agree to them and intend to be legally bound by them. If you do not agree to these Terms and Conditions, you are not granted permission to use this website and must exit immediately.

(Website, accessed on August 10, 2022)

41.    The website also states, in part:

**Miscellaneous**

By accessing, viewing, or using the works, content, or materials on this website, you consent to the exclusive jurisdiction of the federal and state courts residing in Morris County, New Jersey, and agree to accept service of process by personal delivery or mail and hereby waive any and all jurisdictional and venue defenses otherwise available. Headings used in these Terms and Conditions are for reference only and shall not affect the interpretation of these Terms and Conditions (or the Privacy Notice). The waiver or failure of Full Circle Financial Services or Payscout to exercise in any respect any right provided hereunder shall not be deemed a waiver of such right in the future or a waiver of any of other rights established under these Terms and Conditions. Full Circle Financial Services and Payscout reserve the right to terminate your access to this website in the event that you violate these Terms and Conditions or for any reason whatever or no reason, with or without notice, in addition to any and all other remedies available at law or in equity.

(Website, emphasis added, accessed on August 10, 2022)

42.    Full Circle thus deems use of the website, such as the act of submitting a dispute, payment, or complaint, as an agreement by a consumer to its "Terms and Conditions".

6

43. Specifically, in order to communicate a payment of the alleged debt via the website, a consumer must check a box that reads "I have agreed to the terms and conditions."

44. The "Terms and Conditions" require that a consumer waive various rights in order to send a dispute through the website.

45. For example, by disputing a debt online, a consumer consents to the exclusive jurisdiction of the federal and state courts residing in Morris County, New Jersey, agrees to accept service of process by personal delivery or mail, and waives any and all jurisdictional and venue defenses otherwise available to the consumer if he were not to have used the website—by the express "Terms and Condition" listed.

46. Plaintiff would not know or understand that that he was waiving jurisdictional defenses, and giving up various legal rights he would otherwise have, by paying, submitting a complaint and/or disputing a consumer debt via a website provided by Full Circle, and via a means promoted by Full Circle as being a manner in which an electronic dispute, payment or complaint may be made.

47. An unsophisticated consumer would not know or understand that he was waiving jurisdictional defenses, and giving up various legal rights he would otherwise have, by paying, submitting a complaint and/or disputing a consumer debt via a website provided by Full Circle, and via a means promoted by Full Circle as being a manner in which communications and payment may be made.

48. Plaintiff did not know or understand that he could not sue Full Circle in Illinois, or that he was giving up substantial rights, if he used the website, specifically by clicking "I have agreed to the terms and conditions."

7

FILED DATE: 8/16/2022 11:47 AM    2022CH07987

49. An unsophisticated consumer would not know or understand that he could not sue Full Circle in Illinois if he used the website, or that he was giving up substantial rights, specifically by clicking "I have agreed to the terms and conditions."

50. Full Circle thus ensures that most consumers (such as Plaintiff who is an Illinois resident) that use its website, the vast majority of which do not live in New Jersey, would be unable to seek judicial relief under the FDCPA for any wrongdoing caused by Full Circle in connection with the collection of debts from said consumers, as seeking judicial relief would require a consumer to obtain an attorney licensed in the state and federal courts of New Jersey.

51. This would be a high hurdle for many consumers who would not be able to find such counsel, and who could not afford to travel to New Jersey to participate in any litigation initiated due to Full Circle's violations of the FDCPA.

52. Full Circle thus all but guarantees that consumers that use its website for complaints, payments and disputes would not have any ability to obtain judicial relief for any violations of the FDCPA that relate to said complaints, payments and disputes.

53. Full Circle's requirement that a consumer waive various legal defenses and rights to seek judicial relief that he would otherwise have as to its collection practices, in order to submit a complaint, dispute or payment through Full Circle's website, is an oppressive, unfair, deceptive, and misleading practice, which violates 15 U.S.C. §§ 1692d, 1692e and 1692f of the FDCPA.

54. Full Circle's collection communications are to be interpreted under the "unsophisticated consumer" standard. *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

8

FILED DATE: 8/16/2022 11:47 AM 2022CH07987

55.     Plaintiff brings this action individually and on behalf of a class, and attaches hereto his "Motion for Class Certification and Memorandum in Support" as Exhibit B, to prevent Defendant from attempting to moot his claims by tendering his full individual damage amount, leaving the proposed class without relief. See *Joiner v. SVM Mgmt.*, 2020 IL 124671, ¶ 58 (2020) ("an effective tender made before a named plaintiff purporting to represent a class files a class-certification motion satisfies the named plaintiff's individual claim and moots her interest in the litigation.")

### COUNT I-FDCPA—1692e, 1692f, and 1692g Violation—CLASS COUNT

56.     Plaintiff realleges the foregoing paragraphs as if fully set out herein.

57.     Section 1692g(a) provides:

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

(1) the amount of the debt;

**(2) the name of the creditor to whom the debt is owed;**

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. §1692g(a) (emphasis added).

9

FILED DATE: 8/16/2022 11:47 AM 2022CH07987

58. Section 1692g of the FDCPA thus requires debt collectors to make certain disclosures, including the identity of the current creditor.

59. Full Circle violated 15 U.S.C. §1692g by failing to adequately provide Plaintiff with the disclosures required by the FDCPA.

60. Specifically, Full Circle violated §1692g(a)(2) by failing to identify the current creditor to whom the debt is owed.

61. 15 U.S.C. § 1692f of the FDCPA provides in part:

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

62. Full circle violated § 1692f by sending the Letter with no current creditor identified therein, as Plaintiff could not dispute the alleged debt in good faith since he did not know or understand the specific debt being collected, and thus was forced to call Full Circle to ascertain this information, so that Full Circle could attempt to pressure Plaintiff into paying the alleged debt. This constitutes an unfair means to collect the alleged debt.

63. 15 U.S.C. § 1692e of the FDCPA provides in part:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

...

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

...

64.     Full circle violated §§ 1692e and 1692e(10) by sending the Letter with no current creditor identified therein, as Plaintiff could not dispute the alleged debt in good faith since he did not know or understand the specific debt being collected, and thus was forced to call Full Circle to ascertain this information, so that Full Circle could attempt to pressure Plaintiff into paying the alleged debt. This constitutes a deceptive means to collect the alleged debt.

65.     Full Circle also violated §§ 1692e and 1692f by gutting Plaintiff's ability to dispute the alleged debt, since Plaintiff could not in good faith dispute a debt that was not even identified.

66.     As set forth above, Full Circle's Letter confused Plaintiff, as it would the unsophisticated consumer, as he was unable to determine whether Full Circle, or an unknown third party was the current creditor to whom the alleged debt was owed.

67.     The confusing and misleading nature of Full Circle's Letter impacted Plaintiff's decision to pay the alleged debt and thus Full Circle's omissions and misrepresentations were material, as it would impact the decision of an unsophisticated consumer.

68.     Plaintiff brings this action individually and as a class, on behalf of the following class: (1) all persons similarly situated in the State of Illinois (2) from whom Full Circle attempted to collect an alleged delinquent debt (3) by mailing a form letter substantially similar to that mailed to Plaintiff, a copy of which is attached within Exhibit A (4) mailed during the period of time that begins one year prior to the filing of this complaint and ends on the date of filing of the complaint.

69.     The Letter within Exhibit A is a form letter.

70.     As Exhibit A is a form letter, the Class likely consists of more than 40 persons each from whom Full Circle attempted to collect a defaulted consumer debt.

11

FILED DATE: 8/16/2022 11:47 AM   2022CH07987

71.     The proposed class meets all requirements under 735 ILCS 5/2-801 and Federal Rule of Civil Procedure 23.

72.     Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of each Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

73.     The prosecution of separate actions by individual members of each Class would create a risk inconsistent or varying adjudications with respect to individual members of the Class and would, as a practical matter, either be dispositive of the interests of other members of the Classes not party to the adjudication, or substantially impair or impede their ability to protect their interests.

74.     Plaintiff will fairly and adequately protect and represent the interests of the Class. The factual and legal issues raised by this class action complaint will not require extended contact with the members of each Class, because Full Circle's conduct was perpetrated on all members of the Class and will be established by common proof.

75.     Moreover, Plaintiff has retained counsel that has been approved as class counsel in previous class actions brought under the FDCPA.

76.     Full Circle's net worth is over $5,000,000.00.

12

FILED DATE: 8/16/2022 11:47 AM 2022CH07987

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff and the class and against Full Circle, as follows:

A. Statutory damages in favor of Plaintiff and all class members pursuant to 15 U.S.C. § 1692k(a)(2)(B);

B. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k (a)(3); and

C. Such other or further relief as the Court deems proper.

### COUNT II: Regulation F (12 CFR 1006 et seq.)—CLASS COUNT

77. Plaintiff realleges the foregoing paragraphs as if fully set out herein.

78. Plaintiff is a "consumer" as defined by Regulation F §1006.2(e).

79. Full Circle is a "third party collector" as defined by Regulation F §1006.2(i)(1).

80. The alleged debt is a "debt" and a "consumer debt" as defined by Regulation F §1006.2(f) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

### Violations of Regulation F §1006.34

81. Pursuant to § 1006.34(a) of Regulation F, a debt collector is required provide a consumer with the validation information required by paragraph (c) of this section: 12 CFR 1006.34(a).

82. Section 1006.34(c) of Regulation F prohibits a debt collector is required provide the following validation information:

(1) *Debt collector communication disclosure*. The statement required by § 1006.18(e).

(2) *Information about the debt*. Except as provided in paragraph (c)(5) of this section:

i. The debt collector's name and the mailing address at which the debt collector accepts disputes and requests for original-creditor information.

ii. The consumer's name and mailing address.

13

FILED DATE: 8/16/2022 11:47 AM   2022CH07987

iii. If the debt collector is collecting a debt related to a consumer financial product or service as defined in § 1006.2(f), the name of the creditor to whom the debt was owed on the itemization date.

iv. The account number, if any, associated with the debt on the itemization date, or a truncated version of that number.

v. The name of the creditor to whom the debt currently is owed.

vi. The itemization date.

vii. The amount of the debt on the itemization date.

viii. An itemization of the current amount of the debt reflecting interest, fees, payments, and credits since the itemization date. A debt collector may disclose the itemization on a separate page provided in the same communication with a validation notice, if the debt collector includes on the validation notice, where the itemization would have appeared, a statement referring to that separate page.

ix. The current amount of the debt.

83.    Full Circle violated §§ 1006.34(c) of Regulation F by failing to include the required information relating to the subject debt.

84.    As set forth above, Full Circle's Letter confused Plaintiff as he was unable to determine whether Full Circle, or an unknown third party was the current creditor to whom the alleged debt was owed.

85.    The confusing and misleading nature of Full Circle's Letter impacted Plaintiff's decision to pay the alleged debt and thus Full Circle's omissions and misrepresentations were material, as it would impact the decision of an unsophisticated consumer.

86.    Plaintiff brings this action individually and as a class, on behalf of the following class: (1) all persons similarly situated in the State of Illinois (2) from whom Full Circle attempted to collect an alleged delinquent debt (3) by mailing a form letter substantially similar to that mailed to Plaintiff, a copy of which is attached within Exhibit A (4) mailed during the

14

FILED DATE: 8/16/2022 11:47 AM   2022CH07987

period of time that begins one year prior to the filing of this complaint and ends on the date of filing of the complaint.

87.     The Letter within Exhibit A is a form letter.

88.     As Exhibit A is a form letter, the Class likely consists of more than 40 persons each from whom Full Circle attempted to collect a defaulted consumer debt.

89.     The proposed class meets all requirements under 735 ILCS 5/2-801 and Federal Rule of Civil Procedure 23.

90.     Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of each Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

91.     The prosecution of separate actions by individual members of each Class would create a risk inconsistent or varying adjudications with respect to individual members of the Class and would, as a practical matter, either be dispositive of the interests of other members of the Classes not party to the adjudication, or substantially impair or impede their ability to protect their interests.

92.     Plaintiff will fairly and adequately protect and represent the interests of the Class. The factual and legal issues raised by this class action complaint will not require extended contact with the members of each Class, because Full Circle's conduct was perpetrated on all members of the Class and will be established by common proof.

93.     Moreover, Plaintiff has retained counsel that has been approved as class counsel in previous class actions brought under the FDCPA.

15

FILED DATE: 8/16/2022 11:47 AM  2022CH07987

94.   Full Circle's net worth is over $5,000,000.00.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff and the class and against Full Circle, as follows:

A.   Statutory damages in favor of Plaintiff and all class members pursuant to 15 U.S.C. § 1692k(a)(2)(B);

B.   Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k (a)(3); and

C.   Such other or further relief as the Court deems proper.

**COUNT III: 1692d, 1692e, and 1692f VIOLATION—CLASS COUNT**

95.   Plaintiff realleges the foregoing paragraphs as if fully set out herein.

96.   Full Circle violated 15 U.S.C. §§ 1692d, 1692e and 1692f of the FDCPA by conditioning use of its website on a consumer's agreement to waive various legal defenses and rights to seek judicial relief that said consumer would otherwise have as to its collection practices, in order for said consumer to submit a complaint, dispute or payment through Full Circle's website, which is an oppressive, unfair, deceptive, and misleading practice, which violates 15 U.S.C. §§ 1692d, 1692e and 1692f of the FDCPA.

97.   Plaintiff brings this action individually and as a class, on behalf of the following class: (1) all persons similarly situated in the State of Illinois (2) from whom Full Circle attempted to collect an alleged delinquent debt (3) by mailing a form letter substantially similar to that mailed to Plaintiff, a copy of which is attached within Exhibit A (4) where, after receipt of said letter, said person accessed Full Circle's website referenced in said letter (5) where said letter was mailed during the period of time that begins one year prior to the filing of this complaint and ends on the date of filing of the complaint.

98.   The Letter within Exhibit A is a form letter.

16

FILED DATE: 8/16/2022 11:47 AM   2022CH07987

99.     As Exhibit A is a form letter, the Class likely consists of more than 40 persons each from whom Full Circle attempted to collect a defaulted consumer debt.

100.    The proposed class meets all requirements under 735 ILCS 5/2-801 and Federal Rule of Civil Procedure 23.

101.    Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of each Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

102.    The prosecution of separate actions by individual members of each Class would create a risk inconsistent or varying adjudications with respect to individual members of the Class and would, as a practical matter, either be dispositive of the interests of other members of the Classes not party to the adjudication, or substantially impair or impede their ability to protect their interests.

103.    Plaintiff will fairly and adequately protect and represent the interests of the Class. The factual and legal issues raised by this class action complaint will not require extended contact with the members of each Class, because Full Circle's conduct was perpetrated on all members of the Class and will be established by common proof.

104.    Moreover, Plaintiff has retained counsel that has been approved as class counsel in previous class actions brought under the FDCPA.

105.    Full Circle's net worth is over $5,000,000.00.

17

FILED DATE: 8/16/2022 11:47 AM   2022CH07987

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of

Plaintiff and the class and against Full Circle, as follows:

A.    Statutory damages in favor of Plaintiff and all class members pursuant to 15 U.S.C. § 1692k(a)(2)(B);

B.    Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k (a)(3); and

C.    Such other or further relief as the Court deems proper.

By: s/*Mario Kris Kasalo* _____
One of Plaintiff's Attorneys

Mario Kris Kasalo
**The Law Office of M. Kris Kasalo, Ltd.**
4950 Madison St
P.O. Box 1425
Skokie, IL 60077
Tel 312-726-6160
Fax 312-698-5054
mario.kasalo@kasalolaw.com

18

# EXHIBIT B

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

| | |
|---|---|
| ROBERT ZUTOFT, on behalf of himself<br>And all others similarly situated,<br><br>         Plaintiff,<br><br>    vs.<br><br>FULL CIRCLE<br>FINANCIAL SERVICES, LLC,<br><br>       Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)    Case No.: 2022CH07987<br>)<br>)<br>)<br>)<br>) |

**NOTICE OF FILING OF NOTICE OF REMOVAL TO**
**THE UNITED STATES DISTRICT COURT**

**TO:** Clerk of the Circuit Court
of Cook County, Illinois
Richard J. Daley Center
50 W. Washington Street
Chicago, Illinois 60602

      **PLEASE TAKE NOTICE THAT** on October 21, 2022, Defendant Full Circle Financial Services, LLC, filed a timely Notice of Removal of this action from the Circuit Court of Cook County, Illinois, County Department, Chancery Division, to the United States District Court for the Northern District of Illinois, Eastern Division. A copy of the Notice of Removal is attached hereto as **Exhibit A**.

      Pursuant to 28 U.S.C. § 1446(d), the Circuit Court of Cook County, Illinois shall proceed no further in this matter unless and until this action is remanded.

                         Respectfully submitted,

                         FULL CIRCLE
                         FINANCIAL SERVICES, LLC

                         By: */s/ Christopher R Murphy*
                            One of Its Attorneys

Christopher R Murphy (#6302607)
HOLLAND & KNIGHT LLP
131 S. Dearborn St., 30th Floor
Chicago, Illinois 60603
Tel: (312) 715-5722
Fax: (312) 578-6666
Chris.Murphy@hklaw.com

**<u>Certificate of Service</u>**

The undersigned counsel certifies that on October 21, 2022 a copy of the foregoing Notice of Filing of Notice of Removal to the United States District Court was served on all counsel, namely Mario Kris Kasalo, Esq., of the Law Office of M. Kris Kasalo, Ltd., 4950 Madison Street, P.O. Box 1425, Skokie, IL 60077, via U.S. Mail and via email at mario.kasalo@kasalolaw.com.

By: <u>/s/ Christopher R Murphy</u><br>
Christopher R Murphy (#6302607)<br>
HOLLAND & KNIGHT LLP